BOARD OF EDUCATION OF WASHINGTON COUNTY v. GRACE A. CEARFOSS
SAME *v.* VALERIA JONES
SAME *v.* JULIA A. HINO
[Nos. 50, 51, 57, October Term, 1934.]

*Decided January 16th, 1935.*

The causes were argued before BOND, C. J., URNER, OFFUTT, PARKE, and SLOAN, JJ.

*Joseph D. Mish* and *Robert H. McCauley,* for the appellant.

*John E. Wagaman,* for the appellees.

URNER, J., delivered the opinion of the Court.

In *County Board of Education for Washington County v. Cearfoss et al.,* 165 Md. 178, 166 A. 732, 736, there was an affirmance of judgments in favor of the present three appellees for salaries accruing to them, respectively, under their contracts of employment as public school teachers. The recoveries in two of the cases were for the amounts of salaries claimed for the entire year preceding the institution of the suits, while in the third case the judgment was for the amount of salary installments for a period of four months antecedent to the action. The ground of recovery in each case was the refusal of the county board of education to permit the plaintiff to continue her service as a teacher under the terms of her contract with the board, although no action for the termination of her employment had been taken as provided by law. In the present suits the same plaintiffs are asserting salary claims for periods succeeding those to which the former suits related. The later periods extended from the time of the earlier suits to the date, in one instance, of the plaintiff's employment by the defendant under a new contract, and, in another instance, to the

time of the plaintiff's accepted resignation as a teacher, and, in the third case, to the date of the plaintiff's discharge as a teacher after a hearing conducted as the law requires. In each of the declarations there is a reference to the plaintiff's former suit and judgment for breach of the same contract. By demurrer to the declaration and by special plea in each case, the defendant advanced the theory that the prior recovery exhausted the plaintiff's right of action for such a breach. The defendant's demurrers to the declarations were overruled, and the demurrer by the plaintiffs to the special pleas were sustained. From judgments for the plaintiffs, on demurrer, the defendant has appealed.

It is argued for the appellant that its contracts with the appellees were entire, and that in the actions first brought for the breach of the contracts all the resulting damages were recoverable, and that consequently the pending suits are not maintainable. To support this contention, the cases of *Hippodrome Co. v. Lewis,* 130 Md. 154, 100 A. 78; *Olmstead v. Bach,* 78 Md. 132, 27 A. 501, and *Keedy v. Long,* 71 Md. 385, 18 A. 704, are cited. For the appellees it is contended that their contracts of employment continued in force, notwithstanding the refusal to permit the performance of the duties contracted for, and that therefore the principle invoked by the appellant is not applicable to the present cases.

The terms and effect of the agreements between the appellant and the appellees were stated and discussed in the opinion delivered on the former appeals. It was said in that opinion: "The agreement quoted in each of the declarations evidently contemplated a normally continuing tenure for the teachers thereby engaged. It was stipulated that either of the parties to the contract could 'terminate it at the end of the first or second school year by giving thirty days' notice in writing to the other during the month of June or July,' and that, if the teacher wished to vacate her position after the second year, thirty days' notice in writing should be given to the county board of education, during June or July, except in case of

emergency, of which the board should be the judge. Subject to those conditions, it was expressly provided that the contract should continue from year to year, unless the teacher were suspended or dismissed under the provisions of section 86 of article 77 of the Code, which permits such action after hearing on charges of immorality, dishonesty, intemperance, insubordination, incompetency, or willful neglect of duty. In view of the teachers' retirement system, with due regard to which the agreement was formulated by the state board of education, the contractual purpose to assure the teacher a continuity of service, in the absence of substantial reasons for its termination, becomes more significant. From the salaries of teachers becoming members of the retirement system there are annual contributions to a fund out of which they are to receive annuities after prolonged periods of teaching service. Consistently with this policy, the contracts with the teachers evidently designed that they might rely, after the first year, upon a tenure to continue until abrogated for sufficient cause. It would not be proper, however, to construe the contract as tending to assure to the teachers a permanency of employment. The officials in charge of the public school system would have no authority to assume for it the financial burdens which might result from such a contractal obligation. Changing conditions, such as the abandonment of certain courses of instruction, or the consolidation of schools, might reduce the number of positions for which teachers are required. In such event a teacher thus affected, whose tenure is of indefinite duration, could not rightfully demand payment for services not needed nor actually rendered. But it is the teacher's right, when complaining of a dismissal in breach of the contract of employment, to be presented with a valid reason for the discharge. Upon plea or proof sufficiently indicating the reason for such action, the court could determine, on demurrer to the plea, or on a prayer for a directed verdict, whether the defense is based upon grounds which, under the law, are within the exclusive cognizance of the public school authorities. In the event of a conclusion that the

issue is one legitimately within the scope of that special jurisdiction, the plaintiff could be relegated to it for the method of redress which the statute provides."

The principal contention on the previous appeals was that the causes of action involved "a question of school administration as to which the county school superintendent has a statutory power of decision, reviewable, on appeal, by the State Board of Education, and that the plaintiffs were restricted to the remedies thus provided, and were consequently precluded from resorting to the courts for redress." In declining to accept that view, the opinion said: "These suits proceed upon the theory that the dismissal of the plaintiffs from their service as teachers was a violation of their contractual rights. The denial of that claim, in the demurrers to the declarations, presents an issue of law appropriate for a judicial decision as to the proper interpretation of the contracts, and not an administrative dispute which the statute refers, in the first instance, to the county superintendent's determination. It does not involve an inquiry as to whether the plaintiffs satisfactorily performed the contracts, as did the case of *Devoine Co. v. International Co.*, 151 Md. 690, 136 A. 37, but it presents simply the question as to the duration of their employment, and as to the right of the other contracting party to discharge them at a particular period."

The refusal of the appellant to permit the appellees to render, during a particular period, the teaching service contemplated by their agreements, did not have the legal effect of wholly severing their relation to the public school system. Their contractual right to serve in that capacity was one which continued from year to year until abrogated by the method, and for a cause, prescribed by statute. The breach of the contracts, by the omission to assign the appellees to positions for the school year mentioned in the first suits, did not relieve the appellant of its obligation under the contracts to make such assignments for them in the ensuing year, when the statutory means of questioning the propriety of their further employment had not been utilized. As the months of active

teaching service were separated by the summer vacation intervening between the beginning and end of the scholastic year, and as annual reassignments of the teachers were apparently intended by the agreements, the continued refusal to make such a provision, in reference to the appellees, constituted in effect a succession of breaches in regard to distinct annual periods of duty. In view of that consideration, and of the limitation upon the appellant's official power to suspend or discharge a teacher, we are unable to classify these cases with those in which a contract of employment is rescinded by a private employer who has an unrestricted power of rescission, and who exercises it with respect to a contract which is entire and indivisible and of definite duration. *Keedy v. Long; Olmstead v. Bach; Hippodrome Co. v. Lewis, supra.*

It is our conclusion that the pending suits are not precluded by the former actions and their results, and that the rulings of the trial court on the demurrers were correct.

*Judgments affirmed, with costs.*